# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

## CLERK'S CERTIFICATE AND APPEALS COVER SHEET

## ABBREVIATED ELECTRONIC RECORD

---

Case Caption: T.C. v. Matulewicz et al

District Court Number: 1:26-cv-12336-ADB

---

Fee: Paid? Yes x No ____ Government filer ____ *In Forma Pauperis* Yes ____ No ____

---

Motions Pending Yes ____ No x
*If yes, document #* ________

Sealed documents Yes ____ No x
*If yes, document #* ________

*Ex parte* documents Yes ____ No x
*If yes, document #* ________

Transcripts Yes ____ No x
*If yes, document #* ________

---

Notice of Appeal filed by: Plaintiff/Petitioner x Defendant/Respondent ____ Other: ____

Appeal from:

#16 Memorandum and Order

Other information:

---

I, Robert M. Farrell, Clerk of the United States District Court for the District of Massachusetts, do hereby certify that the annexed electronic documents:

#16, #17,#18

with the electronic docket sheet, constitute the abbreviated record on appeal in the above entitled case for the Notice of Appeal # 18 filed on 7/27/2026.

In testimony whereof, I hereunto set my hand and affix the seal of this Court on 7/28/2026.

**ROBERT M. FARRELL**
Clerk of Court

/s/ Marlene Martins
Deputy Clerk

---

COURT OF APPEALS DOCKET NUMBER ASSIGNED: ____________________

**PLEASE RETURN TO THE USDC CLERK'S OFFICE**

APPEAL,HABEAS

# United States District Court
# District of Massachusetts (Boston)
# CIVIL DOCKET FOR CASE #: 1:26−cv−12336−ADB

T.C. v. Matulewicz et al
Assigned to: Judge Allison D. Burroughs
Cause: 28:2241 Petition for Writ of Habeas Corpus (federa

Date Filed: 05/22/2026
Date Terminated: 07/27/2026
Jury Demand: None
Nature of Suit: 530 Habeas Corpus (General)
Jurisdiction: U.S. Government Defendant

**Petitioner**

**T.C.** represented by

**Martin G. Weinberg**
Martin G. Weinberg, PC
20 Park Plaza
Suite 1000
Boston, MA 02116
617−227−3700
Fax: 617−338−9538
Email: owlmgw@att.net
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Maksim Nemtsev**
20 Park Plaza, Suite 1000
Boston, MA 02116
347−251−4800
Email: menemtsev@gmail.com
*ATTORNEY TO BE NOTICED*

V.

**Respondent**

**Dennis Matulewicz**
*Acting United States Marshal, District of Massachusetts*

represented by

**Kristen A. Kearney**
United States Attorney's Office MA
1 Courthouse Way
Suite 9200
Boston, MA 02210
617−748−3204
Email: kristen.kearney@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Mark Sauter**
DOJ−USAO
Moakley U.S. Courthouse
One Courthouse Way
Ste 9200

**Certified to be a true and correct copy of the original**
**Robert M. Farrell, Clerk**
**U. S. District Court**
**District of Massachusetts**

**By:** Marlene Martinez
**Deputy Clerk**

**Date:** 07/28/2026

Boston, MA 02169
617−748−3347
Email: mark.sauter@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Respondent**

**Sako Long**
*Regional Director, Northeast Region, Commonwealth of Massachusetts Department of Youth Services*

represented by **Kristen A. Kearney**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

Email All Attorneys
Email All Attorneys and Additional Recipients

| Date Filed | # | Docket Text |
|---|---|---|
| 05/22/2026 | 1 | PETITION for Writ of Habeas Corpus (2241) Filing fee: $ 5, receipt number AMADC−11762695 Fee status: Filing Fee paid., filed by T.C.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Civil Cover Sheet, # 4 Category Form)(Weinberg, Martin) (Entered: 05/22/2026) |
| 05/22/2026 | 2 | MOTION to Stay *Extradition Pending Resolution of Petition for Writ of Habeas Corpus and any Appeal* by T.C..(Weinberg, Martin) (Entered: 05/22/2026) |
| 05/22/2026 | 3 | ELECTRONIC NOTICE of Case Assignment. Judge Allison D. Burroughs assigned to case. If the trial Judge issues an Order of Reference of any matter in this case to a Magistrate Judge, the matter will be transmitted to Magistrate Judge Paul G. Levenson. (EZG) (Entered: 05/22/2026) |
| 05/22/2026 | 4 | NOTICE of Appearance by Maksim Nemtsev on behalf of T.C. (Nemtsev, Maksim) (Entered: 05/22/2026) |
| 05/22/2026 | 5 | Judge Allison D. Burroughs: ORDER entered. SERVICE ORDER re 2241 Petition. Order entered pursuant to 28 U.S.C. 2243 governing Section 2241 cases for service on respondents. The answer or responsive pleading is due no later than 21 days from receipt of this order. (CAM) (Entered: 05/22/2026) |
| 05/22/2026 | 6 | Copy re 1 Petition for Writ of Habeas Corpus (2241), 5 Service Order − 2241 Petition, emailed to Duty AUSA Sharobem and placed in USAO Mailbox and mailed to Respondents on 5/22/2026. (CAM) (Entered: 05/22/2026) |
| 05/27/2026 | 7 | NOTICE of Appearance by Mark Sauter on behalf of Dennis Matulewicz (Sauter, Mark) (Entered: 05/27/2026) |
| 05/28/2026 | 8 | NOTICE of Appearance by Kristen A. Kearney on behalf of Sako Long, Dennis Matulewicz (Kearney, Kristen) (Entered: 05/28/2026) |
| 05/29/2026 | 9 | Assented to MOTION for Extension of Time to June 12, 2026 to File Response/Reply as to 2 MOTION to Stay *Extradition Pending Resolution of Petition for Writ of Habeas Corpus and any Appeal* by Sako Long, Dennis Matulewicz.(Kearney, Kristen) (Entered: 05/29/2026) |
| 05/29/2026 | 10 | Judge Allison D. Burroughs: ELECTRONIC ORDER entered granting 9 Motion for Extension of Time to File Response/Reply re 2 MOTION to Stay *Extradition Pending* |

| | | |
|---|---|---|
| | | *Resolution of Petition for Writ of Habeas Corpus and any Appeal*. Responses due by 6/12/2026. (CAM) (Entered: 05/29/2026) |
| 06/09/2026 | 11 | NOTICE by T.C. re 1 Petition for Writ of Habeas Corpus (2241), *(Notice of Filing Supplemental Exhibit in Support of Petition for Writ of Habeas Corpus)* (Attachments: # 1 Exhibit Supplemental Exhibit 3)(Weinberg, Martin) (Entered: 06/09/2026) |
| 06/11/2026 | 12 | RESPONSE/ANSWER to 1 Petition for Writ of Habeas Corpus (2241), *and Opposition to MOTION to Stay Extradition Pending Resolution of Petition for Writ of Habeas Corpus and any Appeal* 2 by Sako Long, Dennis Matulewicz. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F)(Kearney, Kristen) (Entered: 06/11/2026) |
| 06/12/2026 | 13 | Assented to MOTION for Leave to File *a Reply to Government's Response (Dkt. 12) on or before June 19, 2026* by T.C..(Weinberg, Martin) (Entered: 06/12/2026) |
| 06/12/2026 | 14 | Judge Allison D. Burroughs: ELECTRONIC ORDER entered granting 13 Motion for Leave to File a Reply to Government's Response (Dkt. 12 ) on or before June 19, 2026 ; Counsel using the Electronic Case Filing System should now file the document for which leave to file has been granted in accordance with the CM/ECF Administrative Procedures. Counsel must include − Leave to file granted on (date of order)− in the caption of the document. (KF) (Entered: 06/12/2026) |
| 06/19/2026 | 15 | REPLY to Response to 2 MOTION to Stay *Extradition Pending Resolution of Petition for Writ of Habeas Corpus and any Appeal and 1 Petition for Writ of Habeas Corpus* filed by T.C.. (Weinberg, Martin) (Entered: 06/19/2026) |
| 07/27/2026 | 16 | Judge Allison D. Burroughs: MEMORANDUM AND ORDER entered. "...Accordingly, T.C.'s habeas petition, [ECF No. 1 ], is DENIED. Moreover, because T.C. has not made a strong showing that he is likely to succeed on the merits of his petition or on appeal or that he will be irreparably injured absent a stay, see Nken v. Holder, 556 U.S. 418, 434 (2009), his motion for a stay, [ECF No. 2 ], is DENIED. SO ORDERED." (KF) (Entered: 07/27/2026) |
| 07/27/2026 | 17 | Judge Allison D. Burroughs: ORDER entered. ORDER DISMISSING CASE. (KF) (Entered: 07/27/2026) |
| 07/27/2026 | 18 | NOTICE OF APPEAL as to 16 Memorandum & ORDER,, Terminate Motions, by T.C.. Filing fee: $ 605, receipt number BMADC−11915560 Fee Status: Not Exempt.<br><br>NOTICE TO COUNSEL: A Transcript Report/Order Form, which can be downloaded from the First Circuit Court of Appeals web site at http://www.ca1.uscourts.gov MUST be completed and submitted to the Court of Appeals. **Counsel shall register for a First Circuit CM/ECF Appellate Filer Account at http://pacer.psc.uscourts.gov/cmecf. Counsel shall also review the First Circuit requirements for electronic filing by visiting the CM/ECF Information section at http://www.ca1.uscourts.gov/cmecf. US District Court Clerk to deliver official record to Court of Appeals by 8/17/2026. (Weinberg, Martin) (Entered: 07/27/2026)** |

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| T.C.,<br><br>Petitioner,<br><br>v.<br><br>DENNIS MATULEWICZ, Acting United States Marshal, District of Massachusetts; and SAKO LONG, Regional Director, Northeast Region, Commonwealth of Massachusetts Department of Youth Services,<br><br>Respondents. | * * * * * * * * * * * * | Civil Action No. 26-cv-12336-ADB |

**MEMORANDUM AND ORDER**

BURROUGHS, D.J.

The Republic of Türkiye ("Türkiye") first requested the extradition of Petitioner T.C., a minor, on April 3, 2024, [ECF No. 12-1 at 2], after a Turkish judge issued a warrant for T.C.'s arrest following a March 1, 2024, car accident involving a car driven by T.C., Tok v. Kyes, No. 24-cv-12458, 2025 WL 2200412, at *2–3 (D. Mass. Aug. 1, 2025). After the United States filed a complaint seeking T.C.'s extradition, a federal magistrate judge issued a warrant for T.C.'s arrest, [ECF No. 12 at 6], and T.C. was arrested in Massachusetts on June 14, 2024, [id.]. A federal magistrate judge held an extradition hearing on October 15, 2024, and ordered certification of extradition for T.C. on February 11, 2025. Tok, 2025 WL 2200412, at *3. T.C. sought review of the magistrate judge's decision by filing a habeas petition, which this Court denied on August 1, 2025.[1] Id. at *6. On March 10, 2026, after T.C.'s extradition was certified,

[1] T.C. appealed this Court's decision but later voluntarily dismissed his appeal. See Judgment, T.C. v. Kyes, No. 24-cv-12458 (D. Mass. Mar. 24, 2026), [ECF No. 39].

but before T.C. was extradited to Türkiye, a Turkish prosecutor issued a formal indictment against T.C. [ECF No. 1 ¶ 21]. T.C. then moved to reopen his extradition hearing and for reconsideration of the extradition certification, based on what he contended was a new charge contained in the indictment. [ECF No. 1-2 at 3]. On May 18, 2026, the magistrate judge denied T.C.'s motion. [ECF No. 1-2]. T.C. has now filed the instant habeas petition to challenge that decision. [ECF No. 1]. T.C. also seeks a stay of his extradition pending the resolution of his habeas petition and any appeal. [ECF No. 2]. For the following reasons, both T.C.'s petition and his motion for a stay are **DENIED**.

Federal habeas review of extradition decisions is limited to "whether the magistrate had jurisdiction, whether the offense charged is within the treaty and, by a somewhat liberal extension, whether there was any evidence warranting the finding that there was reasonable ground to believe the accused guilty." Fernandez v. Phillips, 268 U.S. 311, 312 (1925). "'[W]hether the offense charged is within the treaty' requires an analysis of what the offense charged is—or whether any offense has been charged at all (not to mention whether a formal charge is necessary)." Aguasvivas v. Pompeo, 984 F.3d 1047, 1055 (1st Cir. 2021) (quoting Noeller v. Wojdylo, 922 F.3d 797, 805 (7th Cir. 2019)). If the treaty's text is "ambiguous and reasonably accommodates the United States' construction," this Court "defer[s] to that construction." Id. at 1058 (citing United States v. Kin-Hong, 110 F.3d 103, 110 (1st Cir. 1997)) (further citation omitted). If, however, the text of the treaty is "plain and cannot reasonably bear the government's construction," the Court "must reject that construction." Id. (citing Greci v. Birknes, 527 F.2d 956, 960 (1st Cir. 1976)).

T.C. challenges the continued use of the extradition certification issued February 11, 2025, to authorize his surrender following the issuance of the March 10, 2026, indictment. [ECF

No. 1 ¶ 2]. Both the original extradition complaint and the indictment charged T.C. with reckless killing and injury in violation of Article 85/2 of the Turkish Criminal Code and cited Article 31/3 of the Turkish Criminal Code, which reduces T.C.'s potential punishment because of his age at the time of the alleged offense. [Id. ¶¶ 14, 22]; [ECF No. 1-1 at 12]. The indictment, however, additionally referred to Article 22/3 of the Turkish Criminal Code, which provides for a "one-third to one-half" increase in the penalty for an act "conducted with conscious recklessness when the result is foreseen but is not desired," [ECF No. 1-2 at 3 n.2].

T.C.'s latest challenge to his extradition rests on the premise that the indictment's reference to Article 22/3 is a new charge that requires the reopening of his extradition proceedings. Specifically, he argues that his threatened surrender on the existing certification violates (1) 18 U.S.C. § 3184 and Article 7 of the extradition treaty between the United States and Türkiye (the "Treaty") and (2) Article 16 of the Treaty and the rule of specialty; that (3) the magistrate judge did not make a proper probable cause determination as to Article 22/3; and that (4) he is entitled, as a matter of due process, to an opportunity to contest the reference in the March 10, 2026, indictment to Article 22/3. [ECF No. 1 ¶¶ 42–79].

These arguments fail because the premise on which they rest is incorrect: Article 22/3 is not a new offense that is independent from the offense contained in Türkiye's Treaty submission and charged in the extradition complaint. Although the indictment describes the "offence" with which T.C. is charged as "[c]ausing death or injury with conscious recklessness," [ECF No. 1-1 at 12 (emphasis added)], the Court defers to the Turkish prosecutor's reasonable characterization of Article 22/3 as "not constitut[ing] an independent offence" but, rather, having an "aggravating nature," [id. at 9], notwithstanding T.C.'s declaration apparently asserting the contrary, [ECF No. 11-1 at 2 (describing Article 22/3 as "alter[ing] the legal characterization of the charged

conduct")]. See, e.g., Taylor v. McDermott, 516 F. Supp. 3d 94, 103–04 (D. Mass. 2021) (deferring to foreign government's reasonable interpretation of foreign law). Because Article 22/3 can be reasonably characterized as not constituting a new offense, all of T.C.'s challenges to the magistrate judge's denial of his motion to reopen extradition proceedings or to reconsider the certification of extradition fail.

First, the existing extradition certification does not violate Article 7 of the Treaty or 18 U.S.C. § 3184. Article 7 requires that a request for extradition be accompanied by "[t]he text of the applicable laws of the Requesting Party, including the law defining the offense, the law prescribing the punishment for the offense, and the law relating to the limitation of legal proceedings or the enforcement of the penalty for the offense." Extradition and Mutual Assistance in Criminal Matters Treaty, U.S.-Turk., art. 7(1)(e), June 7, 1979, T.I.A.S. No. 9891. 18 U.S.C. § 3184 requires the judge overseeing an extradition petition to certify that "he deems the evidence sufficient to sustain the charge under the provisions of the proper treaty or convention" before a warrant may issue. Here, Article 22/3 is arguably not an independent offense. Accordingly, the federal government's position that, for purposes of Article 7 of the Treaty, Article 22/3 of the Turkish Criminal Code was not "the law defining the offense" or "the law prescribing the punishment for the offense" for which Türkiye sought T.C.'s extradition, and, thus, did not have to be included in Türkiye's extradition request under Article 7 (or charged in the extradition complaint), is at least reasonable, and the Court defers to it. See Aguasvivas, 984 F.3d at 1055. For the same reason, extradition under Magistrate Judge Cabell's original certification does not violate 18 U.S.C. § 3184.

Second, the indictment's reference to Article 22/3 does not violate Article 16 of the Treaty or the rule of specialty. Article 16 prohibits the prosecution, punishment, or detention of a

person extradited in accordance with the Treaty "for any offense committed prior to surrender . . . other than that for which extradition was granted." Extradition and Mutual Assistance in Criminal Matters Treaty, U.S.-Turk., art. 16(1), June 7, 1979, T.I.A.S. No. 9891. This provision "embodies" the "principle of specialty," which "requires that an extradited defendant be tried for the crimes on which extradition has been granted, and none other." United States v. Saccoccia, 58 F.3d 754, 766 (1st Cir. 1995). The rule of specialty, however, "does not require that a defendant be prosecuted only under the precise indictment that prompted his extradition . . . or that the prosecution always be limited to specific offenses enumerated in the surrendering state's extradition order." Id. at 767. Instead, what matters is whether "the conduct for which the requesting state actually prosecutes the defendant [is] interconnected with (as opposed to independent from) the acts for which he was extradited." Id. Here, because Article 22/3 is arguably not an independent offense, T.C.'s extradition on the existing certification violates neither Article 16 of the Treaty nor the rule of specialty (assuming arguendo that T.C. has standing to invoke the rule of specialty and can invoke it before he is extradited). Moreover, the conduct for which Türkiye intends to prosecute T.C. (causing death or injury with conscious recklessness) is manifestly "interconnected with (as opposed to independent from) the acts" for which Türkiye requested his extradition in the first place (reckless killing and injury). Id.

Third, no probable cause determination as to Article 22/3 was required. The extradition statute required the magistrate judge to determine whether there was "evidence sufficient to sustain the charge under the provisions of the proper treaty." 18 U.S.C. § 3184; see also Kin-Hong, 110 F.3d at 117 (noting that courts have interpreted provisions similar to Article 7(1)(c) of the Treaty "as requiring a showing by the requesting party that there is probable cause to believe that the accused has committed the charged offense" (quoting Quinn v. Robinson, 783 F.2d 776,

783 (9th Cir. 1986) (separate opinion of Reinhardt, J.))). Because Article 22/3 is arguably not a separate offense, it was not required to be included in Türkiye's extradition request (or charged separately in the extradition complaint), and the magistrate judge was not required to determine whether there was probable cause that T.C. had violated it.

Fourth, due process does not require reopening of the extradition proceedings. T.C. has not demonstrated "anything approaching a substantial failure to comply with the statutory extradition procedure, let alone a fundamental due process violation." Koskotas v. Roche, 931 F.2d 169, 175 (1st Cir. 1991). Instead, Türkiye has, at most, supplemented the existing Article 85/2 charge that, as the magistrate judge found almost a year and a half ago, amply justified T.C.'s extradition. See id. at 174–75 (finding no violation of due process where "provisional arrest warrant was supplemented to encompass new charges and additional evidence" and petitioner was "informed of all the evidence and all the charges" before extradition hearing).

Accordingly, T.C.'s habeas petition, [ECF No. 1], is **DENIED**. Moreover, because T.C. has not made a strong showing that he is likely to succeed on the merits of his petition or on appeal or that he will be irreparably injured absent a stay, see Nken v. Holder, 556 U.S. 418, 434 (2009), his motion for a stay, [ECF No. 2], is **DENIED**.

**SO ORDERED.**

July 27, 2026

*/s/ Allison D. Burroughs*
ALLISON D. BURROUGHS
U.S. DISTRICT JUDGE

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

T.C.
Plaintiff

V.

Dennis Matulewicz et al
Defendant

CIVIL ACTION

NO. 26-12336-ADB

**ORDER DISMISSING CASE**

Burroughs, D. J.

In accordance with the Court's Memorandum and Order dated 7/27/26, DENYING the habeas petition, it is hereby ORDERED that the above-entitled action be and hereby is dismissed.

By the Court,

7/27/26
Date

/s/ Karen Folan
Deputy Clerk

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| T.C.<br>*Petitioner*,<br>*v.*<br>DENNIS MATULEWICZ, Acting United States Marshal, District of Massachusetts, and<br>SAKO LONG, Regional Director, Northeast Region, Commonwealth of Massachusetts Department of Youth Services,<br>*Respondents*. | Docket No. 26-cv-12336-ADB |

**NOTICE OF APPEAL**

Notice is hereby given that Petitioner T.C. appeals to the United States Court of Appeals for the First Circuit from the Memorandum and Order, entered on July 27, 2026 (Dkt. 16), denying Petitioner's habeas petition brought under 28 U.S.C. § 2241.

Respectfully Submitted,

T.C.,
By his attorneys,

***/s/ Martin G. Weinberg***
Martin G. Weinberg, Esq.
BBO #519480
20 Park Plaza
Suite 1000
Boston, MA 02116
(617) 227-3700

***/s/ Victoria Kelleher***
Victoria Kelleher
Kelleher & Maceo, P.C.
BBO #637908
53 State Street

Suite 500
Boston MA 02109
(978) 744-4126

***/s/ Maksim Nemtsev***
Maksim Nemtsev, Esq.
Mass. Bar No. 690826
20 Park Plaza, Suite 1000
Boston, MA 02116
(617) 227-3700
max@mnpc.law

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of this document was served on all counsel of record this day, July 27, 2026, via ECF.

**/s/ Martin G. Weinberg**
Martin G. Weinberg, Esq.